UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-22586-CIV-MARTINEZ

JULIO CESAR FERNANDEZ TAMAYO,

    Petitioner,

v.

KROME NORTH SERVICE PROCESSING CENTER,

    Respondent.
_____/

## ORDER DISMISSING HABEAS PETITION

**THIS CAUSE** comes before this Court on Petitioner Julio Cesar Fernandez Tamayo's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1.) Petitioner alleges that he has been unlawfully held in Immigration and Customs Enforcement ("ICE") custody since February 13, 2025, the date an Immigration Judge ordered his removal. (*Id.* at 6.) The Court has carefully considered the Petition, the Government's Response, (ECF No. 7), and the record. Petitioner did not file a Reply. Because, when Petitioner filed the Petition, he had been detained for less than six months—the presumptively reasonable period for post-removal detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001)—his Petition is **DISMISSED WITHOUT PREJUDICE.**

### I.    Background

Petitioner is a native and citizen of Cuba who entered the United States from Mexico via a Texas border crossing in 2015. (Resp't Ex. A, ECF No. 7-1.) Petitioner was detained at the border and deemed inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) by Customs and Border Protection

("CBP") officials because he did not have a valid entry document.[1] (*Id.* at 3; Resp't Ex. B, ECF No. 7-2; Resp't Ex. D, Decl. of Deportation Off. Jenson, ECF No. 7-4 ¶ 6.) Petitioner was issued a Notice to Appear ("NTA") and subsequently released on parole. (Resp't Ex. D, ECF No. 7-4 ¶ 8.)

Beginning in 2017, Petitioner applied for adjustment of status under section 1 of the Cuban Refugee Adjustment Act, Pub. L. No. 89–732, 80 Stat. 1161. Petitioner's first four applications were denied and his fifth application, submitted on November 21, 2024, remains pending. (*Id.* ¶ 9.)

On June 29, 2023, Petitioner was arrested in Miami-Dade County for burglary and grand theft. (*Id.* ¶ 10.) On December 11, 2023, he was convicted of those offenses and sentenced to one year of probation. (Resp't Ex. G, ECF No. 7-7.) On May 15, 2024, Petitioner was arrested for violating his probation, and on June 13, 2024, while he was in custody at the Miami-Dade County Jail, ICE issued a warrant for his arrest and lodged a detainer against him, noting that he was removable under section 212(a)(7)(a)(i)(I) of the INA (*i.e.* 8 U.S.C. § 1182(a)(7)(A)(i)(I)). (Resp't Ex. H, ECF No. 7-8 at 2.) ICE also acknowledged that Petitioner "has applied for a[n] I-485 [adjustment of status] but has not been approved and has not adjusted status to that of a lawful permanent resident." (*Id.* at 3.) ICE stated that Petitioner "will be held in ICE custody pending removal proceedings." (*Id.*)

Petitioner was then transferred from Miami-Dade County Jail to ICE custody on June 25, 2024, and detained at the Krome North Service Processing Center in Miami, Florida. (*See* Resp't Ex. C, ECF No. 7-3.) Petitioner twice sought release on bond, but the Immigration Judge ("IJ") denied both requests due to lack of jurisdiction over "arriving aliens" under 8 C.F.R. §§ 1003.19(h)(2)(i) and 1001.1(q). *See* 8 C.F.R. § 1001.1(q) (defining "arriving alien" as "an applicant for admission coming

---

[1] Title 8 U.S.C. § 1182(a)(7)(A)(i)(I), also referred to as section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), provides that "any immigrant at the time of application for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document . . . is inadmissible." *Id.*; *see Assa'ad v. U.S. Att'y. Gen.*, 332 F.3d 1321, 1325 (11th Cir. 2003).

or attempting to come into the United States at a port-of-entry"); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1143 (9th Cir. 2013) ("[C]urrent regulations unambiguously strip IJs of the authority to 'redetermine conditions of custody imposed by the Service with respect to' arriving aliens" (quoting 8 C.F.R. § 1003.19(h)(2)(i)(B))).

On February 14, 2025, the IJ entered a final order of removal, finding Petitioner removable under section 1182(a)(7)(A)(i)(I). (Resp't Ex. O, ECF No. 7-15.) Petitioner waived an appeal of that order. (*Id.* at 4.) Thus, his removal became "administratively final" on that date. *See* 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge . . . shall become final[ ] [u]pon waiver of appeal by the respondent"); *Garcon v. Warden, Irwin Cnty. Det. Ctr.*, No. 7:16-CV-158-WLS-MSH, 2017 WL 9250368, at *1 (M.D. Ga. Aug. 30, 2017).

On May 5, 2025, ICE requested Petitioner's repatriation with the Cuban government. (Resp't Ex. D, ECF No. 7-4 ¶ 19.) ICE avers that it has not received a response from the Cuban government to date. (*Id.*) On June 20, 2025, ICE served Petitioner with a Notice of Removal informing him that it intends to remove him to a third country, Mexico. (Resp't Ex. P, ECF No. 7-16.) Petitioner refused to sign the Notice of Removal. (*Id.*) Petitioner was also given documents instructing him regarding the requirement to assist in his removal and warning him of the consequences of failing to depart. (Resp't Exs. Q, R, ECF Nos. 7-17, 7-18.) Petitioner refused to sign both documents and stated that he was unwilling to be removed to Mexico. (*Id*; Resp't Ex. S, ECF No. 7-19.) On June 27, 2025, ICE served Petitioner with a Decision to Continue Detention, stating that his removal is reasonably foreseeable. (Resp't Ex. T, ECF No. 7-20.)

On May 22, 2025,[2] Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Petition contains few details, and merely states that Petitioner

---

[2] Under the prison mailbox rule, the presumptive filing date of a prisoner's court filing is the date he signed it. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

was ordered removed but is still detained. (*Id.* at 6–7.) Petitioner requests release from detention. (*Id.*) The Government filed a Response, arguing that Petitioner's claim is premature under *Zadvydas*, 533 U.S. 678. (ECF No. 7.) Petitioner did not file a Reply. The matter is ripe for review.

## II.  LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[Section] 2241 habeas corpus proceedings [are] available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas*, 533 U.S. at 688. District courts have the authority to summarily dismiss a § 2241 petition if "[i]t plainly appears from [the] petition that [the petitioner] is not entitled to § 2241 relief." *Morgan v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to relief.]"). Likewise, the Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Cases, R. 4).

## III.  DISCUSSION

Because Petitioner is subject to a final order of removal, his detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(2)(A) provides for a 90-day "removal period," during which the Government "shall detain" noncitizens to effectuate their removal. 8 U.S.C. § 1231(a)(2)(A). Under § 1231(a)(6), however, certain noncitizens, including those who are removable under section 1182, "may be detained beyond the removal period." *Id.* § 1231(a)(6); *see also Clark v. Martinez*, 543 U.S. 371, 377 (2005) ("By its terms, [8 U.S.C. § 1231(a)(6)] applies to . . . those ordered removed who are inadmissible under § 1182").


In *Zadvydas*, the Supreme Court held that because "indefinite detention of aliens [under § 1231(a)(6)] would raise serious constitutional concerns," that provision "contain[s] an implicit 'reasonable time' limitation" of six months. 533 U.S. at 682. After six months, detention becomes presumptively unreasonable "if removal is not reasonably foreseeable." *Id.* at 699; *see also Clark*, 543 U.S. at 378 (extending *Zadvydas* to noncitizens like Petitioner, who are removable under section 1182). Therefore, to state a claim under *Zadvydas*, a petitioner must show: (1) that he has been detained under section 1231(a)(6) for over six months, and (2) there is "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). If the petitioner makes this showing, the Government may rebut it by producing evidence that removal is likely in the reasonably foreseeable future. *Id.*

Here, Petitioner has not stated a *prima facie Zadvydas* claim. Although Petitioner has now been detained under section 1231(a)(6) for a little over six months as of the date of this Order, he had not been detained for over six months when he filed the Petition. As discussed, Petitioner's removal became administratively final on February 14, 2025, and he filed the Petition on May 22, 2025. Thus, Petitioner's *Zadvydas* claim had not become ripe on the date he filed the Petition. *See Akinwale*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*"); *Guo Xing Song v. U.S. Att'y. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) (holding that petitioner's challenge to his post-removal order detention was premature because he had not been detained in excess of six months when he filed his petition). Accordingly, the Petition is subject to dismissal for this reason alone.

Moreover, even if Petitioner had brought the Petition after he had been detained for over six months following his removal order, his *Zadvydas* claim would still lack merit. Petitioner includes no details in his Petition showing that his removal is not reasonably foreseeable. *See Fahim v. Ashcroft*,

227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) ("Petitioner's bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future"). Indeed, the Government has produced evidence showing that Petitioner's removal *is* reasonably foreseeable. Although the Government cannot remove him to his native country, Cuba, it can remove him to a third country, Mexico. *See Castaneda v. Perry*, 95 F.4th 750, 758 (4th Cir. 2024) (holding that removal is reasonable foreseeable where the petitioner can be removed to a third country); *G.P. v. Garland*, 103 F.4th 898, 902 (1st Cir. 2024) (same); *Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (same).

Furthermore, Petitioner's continued detention is authorized by section 1231(a)(1)(C) because he has acted to prevent his removal. "Section 1231(a)(1)(C) extends the removal period if the noncitizen either (1) 'fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure' or (2) 'conspires or acts to prevent the alien's removal.'" *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1314 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(C)); *see also Brown v. U.S. Att'y Gen.*, No. 20-CV-20055-JLK, 2020 WL 13548089, at *5 (S.D. Fla. Jan. 31, 2020) ("[T]he *Zadvydas* period (*i.e.*, 180 days) is tolled due to Petitioner's acts to prevent his removal"). The Government has produced evidence showing that Petitioner has refused to sign documents stating that he is willing to assist in his own removal and that he is willing to be removed to Mexico. *See Linares v. Dep't of Homeland Sec.*, 598 F. App'x 885, 887 (11th Cir. 2015) ("Llovera–Linares's 'acts to prevent [his] removal subject to an order of removal,' which have taken the form of refusing to board a plane, failing to exit transport at the airport, and declining to provide a signature and thumbprint in order to certify travel documents, extended the removal period beyond the 90 days following the finalization of his removal order"); *Vaz v. Skinner*, 634 F. App'x 778, 782 (11th Cir. 2015) ("[Petitioner's] refusal to voluntarily sign his travel document or inform Brazil that he is willing to return has extended his removal period beyond the 90 days following the issuance of

his Final Administrative Order of Removal"). Thus, Petitioner's removal will be reasonably foreseeable once he cooperates. *See Linares*, 598 F. App'x at 887 ("Llovera–Linares cannot demonstrate that 'there is no significant likelihood of removal in the reasonably foreseeable future,' as there is a significant likelihood that he will be removed as soon as he ceases obstructing the government's efforts to remove him"); *Vaz*, 634 F. App'x at 782 ("Because Petitioner is responsible for thwarting his removal, he cannot show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future if he cooperates with DHS and voluntarily signs for the travel document."). Accordingly, Petitioner has not stated a *Zadvydas* claim.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Petition, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE**, and a certificate of appealability is **DENIED**. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26 day of August, 2025

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record

Julio Cesar Fernandez Tamayo, *pro se*
Pine Prarie Correctional Facility
1133 Hampton Dupre Rd
Pine Prairie, LA 70576